# In the United States Court of Federal Claims

No. 98-474C

(Filed May 5, 2004)

```
*************************
MAINE YANKEE ATOMIC       *
  POWER COMPANY,          *
              Plaintiff,  *
                          *
        v.                *
                          *
THE UNITED STATES,        *
              Defendant.  *
*************************
```

**ORDER**[1/]

The court's February 20, 2004 Order addressed defendant's Motion to Enforce Request for Production of Documents, filed December 23, 2003, against non-party Holtec International ("Holtec") and opposed by Holtec and plaintiff. In part, the court ordered documents be produced in response to Requests Nos. 27 and 28 confined "to any contracts actually entered into by Holtec for projects or material of some similarity to those undertaken or received by plaintiff. Also, the time frame for the documents to be produced should be confined to the time periods covered by plaintiff's projects." Agreement was not reached on the documents to be produced and the court held a telephone conference on May 5, 2004 at 11:30 a.m. Participating were: Frank Maneri, counsel for Holtec; Robert Shapiro, counsel for plaintiff; Marian Sullivan, counsel for defendant; and technical personnel for Holtec and defendant. Prior to that conference Holtec submitted a Certification (with exhibits) executed by Eric G. Lewis, Project Manager of Holtec to the court and to counsel for the parties. A copy of that submission will be filed by the court as an attachment to this order.

Holtec has produced copies of the bid it submitted with respect to the Maine Yankee project. Holtec and the defendant disagree about the scope of the court's February 20, 2004 Order. Defendant contends it is entitled to discovery of Holtec's "similar" contracts within the time from 1996 to present, the time frame of contracts

---

[1/] (This should also be deemed applicable in *Yankee Atomic v. United States*, 98-126 C and *Connecticut Yankee v. United States*, No. 98-154 C.).

in the three Spend Nuclear Fuel ("SNF") cases. Holtec is seriously concerned about confidentiality and also asserts none of its contracts are similar. Holtec's unsuccessful bid for Maine Yankee was site-specific, involved a pressurized water reactor, and was for the supply of sixty-one systems – a number much larger than any of its subsequent contracts. Therefore, Holtec contends none of its other contracts were "similar."

The court expressed, and now reiterates, its concern that trial time not be taken with collateral "mini-trials" over the similarity of costs of other contracts vice costs actually incurred by Maine Yankee.

Counsel for defendant represented that any production would be provided to its expert and may lead to otherwise discoverable evidence. Considering the very serious concerns about confidentiality and loss of trade and other confidential information and considering the fairly remote chance that relevant evidence will result, the court will order Holtec initially, to produce only what it represented were the other site specific contracts during the relevant time period, Diablo Canyon and Trojan, as described in its May 4, 2004 submission. The production shall be subject to the Protective Order in this matter which is, if not already, hereby extended to include Holtec and its production of documents. The documents and any copies thereof are for the eyes of only counsel who have appeared in this case and any previously identified expert who shall, if not already, be subject to the Protective Order. All counsel and experts who view any of the documents shall sign an acknowledgment that they are subject to the Protective Order and a copy of that acknowledgment shall be promptly provided to all parties and Holtec. The identity of counsel, any expert, or any other individual or entity given access to the documents shall be provided to counsel for Holtec. In addition, both plaintiff and defendant are ordered to log any copies made and the dates and identity of those accessing the documents, and account for the destruction of those copies at the end of the trial in these three cases, or upon the further order of the court. Any further discovery of Holtec documents in this matter shall require agreement of counsel or further order of the court.

/s James F. Merow
James F. Merow
Senior Judge