IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAINE YANKEE ATOMIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-474 C (Senior Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE
TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, the United States, respectfully requests that the Court grant it leave to file a "Notice of Supplemental Authority," a copy of which is attached to this motion, to inform the Court of decisions directly relevant to the Government's pending motion to file an amended answer and the underlying counterclaim contained in that amended answer. The Government filed its motion on August 5, 2004, and, by order dated January 13, 2005, the Court deferred consideration of the Government's motion until the entire case-in-chief was resolved.[1]

In our amended complaint, we seek to obtain as an offset to any damages awarded to plaintiff, Maine Yankee Atomic Power Company ("MYA"), of the one-time fee that MYA would have paid in 1999 if DOE had timely performed its obligations pursuant to the Standard Contract. Subsequent to the filing of our motion, the Government has raised this issue in other spent nuclear fuel cases in motions for summary judgment. The Court has ruled upon these motions in two of the other cases. Because the Court considered the same issue raised by the

[1] By motion filed concurrently, the Government seeks leave to file the same notice of supplemental authority in Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C.

Government in its counterclaim, we request permission to notify the Court of those decisions through the attached "Notice of Supplemental Authority."

For the foregoing reasons, defendant respectfully requests that the Court grant this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

August 16, 2006

Attorneys for Defendant

# ATTACHMENT

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAINE YANKEE ATOMIC<br>POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 98-474 C<br>(Senior Judge Merow) |

NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, the United States, respectfully submits this notice of supplemental authority to provide the Court with notice of two decisions directly applicable to an issue currently pending in this case. Specifically, the Government has sought to amend its answer in this case and assert a counterclaim for the amount that plaintiff, Maine Yankee Atomic Power Company ("MYA"), would have paid as its one-time fee in 1999 if the Department of Energy ("DOE") had begun timely performance. Since the filing of its motion to amend, the Government has filed motions for summary judgment in four other cases asserting that the obligation to pay the one-time fee is a condition precedent to DOE's obligation to perform or, in the alternative, that the Government should be allowed to take the amount owed as an offset to any damages that the Court may award in these cases. The Court has ruled upon the Government's motions in two of the cases.

In Consumers Energy Company v. United States, 65 Fed. Cl. 364 (2005), the Court held that the one-time fee obligation was not a condition precedent, but, instead, was a separately enforceable promise that DOE could not now enforce because it had not established a first delivery date for the plaintiff's spent nuclear fuel because the process for the submission and approval of delivery commitment schedules ("DCSs") and final delivery schedules ("FDSs") had

been suspended. The Court granted the Government's alternative request that it be allowed to offset plaintiff's one-time fee against any damages that may be awarded. Consumers Energy, 65 Fed. Cl. at 373. The Court reasoned that "[p]laintiff's recovery of damages without having to account for its obligation to pay the one-time fee, which it would have owed had there been no breach, would surely put Plaintiff in a more advantageous position." Id. In System Fuels, Inc. v. United States, 65 Fed. Cl. 163 (2005), the Court found that the one-time fee obligation was a mandatory condition to performance, but that it had been excused based upon a "temporary frustration of purposes caused by the government's suspension of the DCS process." Id. at 173. The Court in System Fuels has deferred consideration of the Government's request for an offset until the damages phase of the case. System Fuels, 65 Fed. Cl. 174 n.12. In the third and fourth cases, Vermont Yankee Nuclear Power Co. v. United States, No. 02-898C (Wheeler, J.) and Entergy Nuclear Vermont Yankee, LLC v. United States, No. 03-2663C (Wheeler, J.), the Government's motions for summary judgment are fully briefed, but the Court has not reached a decision.

Because these decisions are directly applicable to the Government's assertion of its counterclaim, the Government asks the Court to consider these decisions in its consideration of the merits of this issue.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

August 16, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on the 16th day of August 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marian E. Sullivan